IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NOSHIR S. GOWADIA, FED. REG. #95518-022, <br><br> Plaintiff, <br><br> vs. <br><br> INTERNAL REVENUE SERVICE, FLORENCE POON, SUSAN MITSUYOSHI, DEBRA TSUHA, <br><br> Defendants, | CIV. NO. 1:19-cv-00090 LEK-KJM <br><br> DISMISSAL ORDER |

Before the court is pro se Plaintiff Noshir S. Gowadia's civil rights Complaint seeking money damages under *Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics*, 403 U.S. 388 (1971). Gowadia is a former defense contractor who was convicted in this court of multiple counts for violations of the Arms Export Control and Espionage Acts, tax fraud, and money laundering. *See United States v. Gowadia*, No. 1:05-cr-00486 (D. Haw. 2005), *aff'd* 760 F.3d 989, 990 (9th Cir. 2014). Gowadia is now incarcerated at the United States Penitentiary in Florence, Colorado (USP Florence), and has paid the costs of this suit.

Gowadia initiated this action in the District Court for the District of Columbia, which transferred the suit to this court on February 21, 2019. Gowadia

alleges that the Internal Revenue Service (IRS) and IRS agents Florence Poon, Susan Mitsuyoshi, and Debra Tsuha (Defendants) knowingly falsified information that led to his conviction for tax fraud.[1] He seeks $5 million from the IRS and $3 million each from Poon, Mitsuyoshi, and Tsuha.

Because Gowadia cannot state a colorable claim for relief against the named Defendants regarding his claims, this action is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A(a-b).

## I. **STATUTORY SCREENING**

The court is required to screen Gowadia's claims against government officials pursuant to 28 U.S.C. § 1915A(a). Claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)). Section 1915 screening involves the same standard of review as that under Federal Rule of Civil Procedure 12(b)(6). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

---

[1] Gowadia initiated a substantially similar *Bivens* action in *Gowadia v. IRS, Florence Poon, Susan Mitsuyoshi*, Civ. No. 13-01991 (D.D.C. 2013). That action was dismissed on April 6, 2015, as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Gowadia did not appeal.

quotation marks omitted); *Wilhelm*, 680 F.3d at 1121; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complain. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). If a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. DISCUSSION

Gowadia may not seek damages against the IRS or its employees pursuant to *Bivens*. *See Adams. v. Johnson,* 355 F.3d 1179, 1184-85 (9th Cir. 2004). He is also barred from pursuing these claims in a civil action by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on his claims would necessarily imply that his convictions for tax fraud are invalid.

## A. *Bivens* Relief is Unavailable

3

*Bivens* provides a federal common law basis for individuals to sue federal government actors if they violate the individual's constitutional rights while acting under government authority. 403 U.S. at 396-97. The right to sue under *Bivens* is qualified, however, and is not absolute. *Adams*, 355 F.3d at 1183. "*Bivens* remedies are not available to compensate plaintiffs for all constitutional torts committed by federal officials." *W. Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000) (per curiam). A *Bivens* action against governmental officials cannot lie where there are "special factors counseling hesitation in the absence of affirmative action by Congress." *Bivens*, 403 U.S. at 396; *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55, 1860 (2017) (explaining that expanding *Bivens* relief beyond the three contexts already recognized by the Supreme Court is disfavored).[2]

In *Adams*, the Ninth Circuit Court of Appeals expressly held that, "[B]ecause the Internal Revenue Code gives taxpayers meaningful protections against government transgressions in tax assessment and collection, we hold that *Bivens* relief is unavailable for plaintiffs' suit against IRS auditors and officials."

---

[2] Bivens remedies have been recognized only in three contexts: (1) FBI agents handcuffing a man in his home without a warrant in violation of the Fourth Amendment's prohibition against unreasonable searches and seizures; (2) a Congressman firing his female secretary in violation of the Fifth Amendment's Due Process Clause; and (3) prison officials failing to treat an inmate's asthma in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *Ziglar*, 137 S. Ct. at 1854-55, 1860.

355 F.3d at 1186.  That is, in light of "the comprehensiveness of the Internal Revenue Code and its remedial provisions for the benefit of taxpayers, and the specific remedies available . . . pursuant to TEFRA,[3] we hold that the taxpayer plaintiffs here have no right to *Bivens* relief for any allegedly unconstitutional actions of IRS officials engaged in tax assessment and collection.  Stated another way, plaintiffs may not pursue a *Bivens* action with complaints about the IRS's audits, assessments, and collection of partnership taxes and the obligations of partners." *Id.* at 1188.

Gowadia cannot maintain a *Bivens* suit for damages against Defendants IRS or its agents Poon, Mitsuyoshi, and Tshuha and these claims are DISMISSED with prejudice for his failure to state a colorable claim for relief.

**B.     *Heck* Bar**

Even if Gowadia could bring a *Bivens* claim against Defendants, those claims are presently barred by the *Heck* doctrine.  In *Heck*, a state prisoner sought damages based on the allegedly unlawful conduct of the officials he held responsible for his conviction.  The Supreme Court held that:

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

---

[3] Referring to the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, §§ 402-406, 96 Stat. 324.

> unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486-87. A "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. *Heck's* rationale applies equally to *Bivens* actions as to those brought under 42 U.S.C. § 1983. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).

Gowadia's convictions for tax fraud have not been reversed, expunged, or otherwise called into question. Because Gowadia's claims here, if successful, would call into question his convictions for tax fraud, those claims are barred by *Heck* and are DISMISSED without prejudice.

### III. CONCLUSION

The Complaint is DISMISSED for failure to state a colorable claim for damages under *Bivens* and as barred under *Heck*. Because amendment is clearly futile, and this dismissal is without leave to amend.

The Clerk is directed to terminate this action and enter judgment.

6

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 12, 2019.



                                          /s/ Leslie E. Kobayashi
                                      Leslie E. Kobayashi
                                      United States District Judge

*Gowadia v. IRS,* 1:19-cv-00090 LEK-KJM; Dismissal Order