IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| NOSHIR S. GOWADIA, FED. REG. #95518-022, | ) ) ) | CIV. NO. 19-00090 LEK-KJM |
|---|---|---|
| Plaintiff, | ) ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | ) ) | |
| INTERNAL REVENUE SERV., et al., | ) ) | |
| Defendants. | ) ) | |

Before the court is Plaintiff's Motion for Reconsideration of the March 12, 2019 Dismissal Order. *See* Order, ECF No. 11; Mot., ECF No. 14. Plaintiff complains that the Court dismissed this action with prejudice before considering his March 25, 2019 letter explaining his theory of the case, failed to address the issues raised in his Complaint, misunderstood the facts underlying his claims, and relied upon faulty precedent. He also asserts that this Court, the Ninth and Tenth Circuit Courts of Appeal, and every other federal court to review his criminal conviction and numerous civil cases have acted only to protect the Government and pervert the true meaning of the Constitution.

For the following reasons, the Motion for Reconsideration is DENIED.

# I. <u>LEGAL STANDARD</u>

When a ruling has resulted in a final judgment or order – as the March 12, 2019 Dismissal Order did – a motion for reconsideration may be construed as either a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Rule 60(b). *Sch. Dist. No. 1J Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Because Plaintiff, a prisoner proceeding pro se, did not receive notice of entry of judgment until March 25, 2019, and he filed his Motion within twenty-eight days thereafter, the court applies Rule 59(e).

Amending a judgment after entry is "an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam). A Rule 59(e) motion may be granted if:

> (1) such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) such motion is necessary to present newly discovered or previously unavailable evidence;
>
> (3) such motion is necessary to prevent manifest injustice; or (4) the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). In unusual circumstances, a court may also consider other grounds for amending or altering a judgment under Rule 59(e). *Id.* (allowing amendment for clerical errors). "A

motion for reconsideration is not intended to be used to reiterate arguments, facts and law already presented to the court." *Welch v. Sisto*, 2008 WL 4455842, at *1 (E.D. Cal. Oct. 3, 2008). Nor may a motion for reconsideration "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations, and emphasis omitted).

## II. BACKGROUND

Plaintiff brought this suit in the District Court for the District of Columbia on June 11, 2018. *See* Compl., ECF No. 1. The Complaint alleged that the Internal Revenue Service (IRS) and Hawaii-based IRS agents Florence Poon, Susan Mitsuyoshi, and Debra Tsuha (collectively, "Defendants"), falsified information regarding Plaintiff's 2003 tax return, and used this false information seven years later in 2010, while his criminal proceedings were ongoing, to disallow a $92,700 deduction. The IRS withdrew the claim in 2011, however, and the case was dismissed.

Plaintiff alleged Defendants perpetrated this fraud during his federal criminal proceedings because he was then an "easy target," to obtain a financial reward, and because they were "heavily influenced" by former U.S. Attorney for

3

the District of Hawaii, Florence Nakakuni, who prosecuted his criminal proceedings. *See id.*, PageID #3, #6. Plaintiff claimed that he was *not* challenging his criminal proceedings, but only explaining how Defendants' conduct impacted his prosecution, and thus he argued that *Heck v. Humphrey*, 512 U.S. 477 (1994), did not bar his claims. He alleged, however, that the Government used Defendants' allegedly fraudulent calculations during his criminal proceedings to show that Plaintiff failed to declare all of his income, and that Mitsuyoshi testified to this at his trial.[1] *Id.*, PageID #7. Plaintiff sought $5 million from the IRS and $3 million each from Poon, Mitsuyoshi, and Tsuha.

The District of Columbia transferred the action to the District of Hawaii on February 21, 2019. ECF No. 8.

## III. **DISCUSSION**

First, Plaintiff had nine months to submit any additional, material information in support of his Complaint before the March 12, 2019 Dismissal Order was issued. He does not explain why he waited so long to submit this allegedly important information, nor why he submitted it in a letter, rather than moving to amend his Complaint. Based on these facts, Plaintiff cannot now

---

[1]Plaintiff was convicted of violating the Arms Export Control and Espionage Acts, money laundering, and tax fraud. *See United States v. Gowadia*, No. 1:05-cr-00486 (D. Haw. 2005).

complain that the Court was too hasty in screening and dismissing his pleadings.

Second, the Court reviewed Plaintiff's March 25, 2019 letter when it was filed and determined that nothing within the letter altered the March 12, 2019 Dismissal Order's conclusion that Plaintiff cannot obtain damages in a *Bivens*[2] action against the IRS or IRS agents Poon, Mitsuyoshi, and Tsuha. *See Adams v. Johnson*, 355 F.3d 1179, 1184-85 (9th Cir. 2004) ("Because the Internal Revenue Code gives taxpayers meaningful protections against government transgressions in tax assessments and collection, we hold that *Bivens* relief is unavailable for plaintiffs' suit against IRS auditors and officials."); *Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990) (dismissing a claim against IRS agents "based upon allegedly fraudulent and intimidating conduct" because "the remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, foreclose a damage action under *Bivens* in this situation."); *see also Major v. U.S. Internal Revenue Serv.*, 201 F. App'x 564, 566 (9th Cir. 2006); *Ramirez v. United States*, 2013 WL 10822053, at *5 (C.D. Cal. June 10, 2013) ("The Ninth Circuit, like most other circuits, has held that a *Bivens* remedy is not available for alleged constitutional violations by government officials in the

---

[2]*Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).

assessment and collection of taxes."), *aff'd*, 604 F. App'x 567 (9th Cir. 2015).

Third, Plaintiff clearly suggested in his Complaint that his claims regarding Defendants' alleged fraud had an influence on his conviction. And, notwithstanding his statements to the contrary, the Motion for Reconsideration is largely devoted to arguing the alleged irregularities and constitutional infirmities in his trial, sentencing, and post-conviction relief proceedings. For example, Plaintiff argues that he was denied the presumption of innocence, the trial judge was inexperienced and biased, and his defense attorneys conspired with the prosecution. As the Court explained in the March 12, 2019 Dismissal Order, if his arguments regarding Defendants' alleged fraud are accepted, including the effect this fraud may have had at his trial, they would call his conviction into question and are therefore barred by *Heck*.

Finally, Plaintiff's Motion for Reconsideration is plainly an attempt to reargue issues that he raised or could have raised in his pleading, and to express his general contempt for the federal courts, the Department of Justice, and the United States government. Plaintiff provides no new facts or law that alter the conclusion that he cannot seek money damages from the IRS or its agents based on their alleged fraud in 2010.

## IV. **CONCLUSION**

Plaintiff provides no newly discovered or previously unavailable evidence or intervening change in controlling law. Nor does he persuade the Court that reconsideration is necessary to correct manifest errors of law or fact, or to prevent a manifest injustice. Nothing within the Motion for Reconsideration, Plaintiff's March 25, 2019 letter, or the Complaint allows an inference that Plaintiff can state a colorable claim for damages against Defendants or that his Complaint, if successful, would not undermine his conviction. Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, May 13, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Gowadia v. Internal Revenue Serv., et al.*, No. 1:19 cv 00090 LEK KJM; recon '19 Gowadia (dny no dmgs v IRS, Heck bar)